TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
Leanghour Lim (LL 6988)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**Case No. 19-cv-07290**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
----------------------------------------------------------------x
JUAN ALMAZO-RAMIREZ,
*on his own behalf and on behalf of others similarly situated*

                               Plaintiff,
                               v.

ULISES PHARMACY INC
     d/b/a Ulises Pharmacy;
NUESTRA FARMACIA INC.
     d/b/a Nuestra Pharmacy;
NUESTRA LUZ PHARMACY INC
     f/k/a BUENA VIDA PHARMACY INC.
     d/b/a Nuestra Luz Pharmacy
     f/d/b/a Buena Vida Pharmacy;
DIVINA FARMACIA, INC.
     d/b/a Divina Pharmacy;
SUPER VIDA PHARMACY INC.
     d/b/a Super Vida Pharmacy;
QUALITY CARE PHARMACY INC
     d/b/a Quality Care Pharmacy; and
FARMACIA POPULAR INC
     f/k/a ULISES'S PHARMACY, INC.;
ULISES VARGAS, SR., and
ULISES VARGAS, JR.,
                         Defendants.
----------------------------------------------------------------x

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

<u>**COMPLAINT**</u>

       Plaintiff JUAN ALMAZO-RAMIREZ (hereinafter referred to as Plaintiff), on behalf of

himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby

brings this complaint against Defendants ULISES PHARMACY INC d/b/a Ulises Pharmacy;

NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy; NUESTRA LUZ PHARMACY INC

f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida

Pharmacy; ; DIVINA FARMACIA, INC. d/b/a Divina Pharmacy; SUPER VIDA PHARMACY

INC. d/b/a Super Vida Pharmacy; QUALITY CARE PHARMACY INC d/b/a Quality Care

Pharmacy; and FARMACIA POPULAR INC f/k/a ULISES'S PHARMACY, INC.ULISES

VARGAS, SR., and ULISES VARGAS, JR., and alleges as follows:

## INTRODUCTION

1.      This action is brought by the Plaintiff JUAN ALMAZO-RAMIREZ, on behalf

of himself as well as other employees similarly situated, against the Defendants for alleged

violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York

Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment

policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in pattern and practice

of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and

overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the

Defendants: (1) unpaid wages and unpaid overtime wages, (2) liquidated damages, (3)

prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to NYLL § 650 et seq. and 12 New York

Codes, Rules and Regulations § 146 (NYCRR) that he is entitled to recover from the

Defendants: (1) unpaid wages and unpaid overtime compensation, (2) up to five thousand

dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice

detailing rates of pay and payday, (3) up to five thousand dollars ($5,000) per Plaintiff for

Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) 9% simple prejudgment interest provided by NYLL, (6) post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      From 2016 to October 21, 2019, Plaintiff JUAN ALMAZO-RAMIREZ was employed by Defendants to work as a pharmacy technician for Defendants at NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy at 91-10 37th Avenue, Jackson Heights, NY 11372; and ULISES PHARMACY INC d/b/a Ulises Pharmacy at 9108 37th Ave, Jackson Heights, NY 11372.

## DEFENDANTS

*Corporate Defendants*

8.     Defendant ULISES PHARMACY INC d/b/a Ulises Pharmacy is a domestic business corporation organized under the laws of the State of New York with a principal address at 9108 37th Ave, Jackson Heights, NY 11372.

9.     Defendant NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy is a domestic business corporation organized under the laws of the State of New York with a principal address at 85-24 37th Ave, Jackson Heights, NY 11372.

10.     Defendant NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy is a domestic business corporation organized under the laws of the State of New York with a principal address at 91-10 37th Avenue, Jackson Heights, NY 11372.

11.     Defendant DIVINA FARMACIA, INC. d/b/a Divina Pharmacy is a domestic business corporation organized under the laws of the State of New York with a principal address at 85-13 Northern Blvd., Jackson Heights, NY 11372.

12.     Defendant SUPER VIDA PHARMACY INC. d/b/a Super Vida Pharmacy is a domestic business corporation organized under the laws of the State of New York with a principal address at 7423 37th Avenue, Jackson Heights, NY 11372.

13.     Defendant QUALITY CARE PHARMACY INC d/b/a Quality Care Pharmacy is a domestic business corporation organized under the laws of the State of New York

14.     Defendant FARMACIA POPULAR INC f/k/a ULISES'S PHARMACY INC. is a domestic business corporation organized under the laws of the State of New York with a principal address at 9108 37th Ave, Jackson Heights, NY 11372.

*Owner/Operator Defendants*

15.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

16.     ULISES VARGAS, SR. known as "Boss" to Plaintiff and Owner, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at ULISES PHARMACY INC d/b/a Ulises Pharmacy; NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy; NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy; DIVINA FARMACIA, INC. d/b/a Divina Pharmacy; SUPER VIDA PHARMACY INC. d/b/a Super Vida Pharmacy; QUALITY CARE PHARMACY INC d/b/a Quality Care Pharmacy; and FARMACIA POPULAR INC f/k/a ULISES'S PHARMACY, INC.

17.     ULISES VARGAS, SR. acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with ULISES PHARMACY INC d/b/a Ulises Pharmacy; NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy; NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy; DIVINA FARMACIA, INC. d/b/a Divina Pharmacy; SUPER VIDA PHARMACY INC. d/b/a Super Vida Pharmacy;

QUALITY CARE PHARMACY INC d/b/a Quality Care Pharmacy; and FARMACIA

POPULAR INC f/k/a ULISES'S PHARMACY, INC.

18.     ULISES VARGAS, JR. known as "Boss" to Plaintiff and Owner, (1) had the

power to hire and fire employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4)

maintained employee records at ULISES PHARMACY INC d/b/a Ulises Pharmacy;

NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy; NUESTRA LUZ PHARMACY INC

f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida

Pharmacy; DIVINA FARMACIA, INC. d/b/a Divina Pharmacy; SUPER VIDA

PHARMACY INC. d/b/a Super Vida Pharmacy; QUALITY CARE PHARMACY INC d/b/a

Quality Care Pharmacy; and FARMACIA POPULAR INC f/k/a ULISES'S PHARMACY,

INC.

19.     ULISES VARGAS, JR. is the son of ULISES VARGAS, SR.

20.     ULISES VARGAS, JR. actually paid JUAN ALMAZO-RAMIREZ an extra

dollar out of his pocket per hour up to forty (40) hours starting from Plaintiff's second year

with Ulises.

21.     ULISES VARGAS, JR. acted intentionally and maliciously and is an employer

pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §

791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with

ULISES PHARMACY INC d/b/a Ulises Pharmacy; NUESTRA FARMACIA INC. d/b/a

Nuestra Pharmacy; NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY

INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy; DIVINA FARMACIA,

INC. d/b/a Divina Pharmacy; SUPER VIDA PHARMACY INC. d/b/a Super Vida Pharmacy;

QUALITY CARE PHARMACY INC d/b/a Quality Care Pharmacy; and FARMACIA

POPULAR INC f/k/a ULISES'S PHARMACY, INC.

## **STATEMENT OF FACTS**

### **Defendants Constitute an Enterprise**

22.      Upon information and belief, Corporate Defendants ULISES PHARMACY

INC d/b/a Ulises Pharmacy; NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy;

NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra

Luz Pharmacy f/d/b/a Buena Vida Pharmacy; DIVINA FARMACIA, INC. d/b/a Divina

Pharmacy; SUPER VIDA PHARMACY INC. d/b/a Super Vida Pharmacy; QUALITY CARE

PHARMACY INC d/b/a Quality Care Pharmacy; and FARMACIA POPULAR INC f/k/a

ULISES'S PHARMACY, INC are joint employers of Plaintiff and constitute an enterprise as

the term is defined by 29 USC §203(r) insofar as they share staff, including Plaintiff JUAN

ALMAZO-RAMIREZ, pay Plaintiff for the work performed at the enterprise no matter what

location they worked; advertise the Corporate Defendants as an enterprise, and are otherwise

engaged in related activities performed through unified operation and/or common control for

a common business purpose, and are co-owned by the same owners (ULISES VARGAS, JR.

and ULISES VARGAS, SR.).

23.      At all times relevant herein, ULISES PHARMACY INC d/b/a Ulises

Pharmacy; NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy; NUESTRA LUZ

PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy

f/d/b/a Buena Vida Pharmacy; DIVINA FARMACIA, INC. d/b/a Divina Pharmacy; SUPER

VIDA PHARMACY INC. d/b/a Super Vida Pharmacy; QUALITY CARE PHARMACY INC

d/b/a Quality Care Pharmacy; and FARMACIA POPULAR INC f/k/a ULISES'S

PHARMACY, INC was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA, and has gross revenue in excess of five hundred thousand dollars ($500,000) per year.

24.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by ULISES PHARMACY INC d/b/a Ulises Pharmacy; NUESTRA FARMACIA INC. d/b/a Nuestra Pharmacy; NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy.

## Wage and Hour Claims

25.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

26.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

27.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

30.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's

address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

31.     Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff JUAN ALMAZO-RAMIREZ*

32.     From on or about January 01, 2016 to October 21, 2019, Plaintiff JUAN ALMAZO-RAMIREZ was employed by Defendants to work as a pharmacy technician at NUESTRA LUZ PHARMACY INC f/k/a BUENA VIDA PHARMACY INC. d/b/a Nuestra Luz Pharmacy f/d/b/a Buena Vida Pharmacy at 91-10 37th Avenue, Jackson Heights, NY 11372; and ULISES PHARMACY INC d/b/a Ulises Pharmacy at 9108 37th Ave, Jackson Heights, NY 11372.

33.     From on or about January 01, 2016 to June 30, 2018, Plaintiff JUAN ALMAZO-RAMIREZ's regular work schedule ran from 09:30 to 19:00 (with no break) for nine and a half (9.5) hours a day on Mondays through Fridays for a total of forty-eight (48) hours each week.

34.     From on or about January 01, 2017 to October 31, 2018, Plaintiff JUAN ALMAZO-RAMIREZ's regular work schedule ran from 10:00 to 18:00 (with no break) for eight (8) hours a day on Mondays through Fridays for a total of 40 hours each week.

35.     From on or about November 01, 2018 to October 06, 2019, Plaintiff JUAN ALMAZO-RAMIREZ's regular work schedule ran from 10:00 to 18:00 (with no break) for eight (8) hours a day on Mondays through Fridays, plus 10:00 to 17:00 (with no break) for seven (7) hours on Saturdays for a total of 47 hours each week.

36.     From on or about October 07, 2019 to October 18, 2019, Plaintiff JUAN ALMAZO-RAMIREZ was on vacation.

37.     From on or about October 21, 2019, Plaintiff JUAN ALMAZO-RAMIREZ was assigned a regular work schedule ran from 10:00 to 18:00 (with no break) for eight (8) hours a day on Mondays for a total of 8 hours each week.

38.     At all relevant times, Plaintiff JUAN ALMAZO-RAMIREZ did not have a fixed time for lunch or for dinner.

39.     From on or about January 01, 2016 to December 31, 2016, Plaintiff JUAN ALMAZO-RAMIREZ was paid an hourly rate of eighteen dollars ($18.00) per hour, for a maximum of forty (40) hours only, even when hours worked exceed forty (40) hours, paid biweekly.

40.     From on or about January 01, 2017 to December 31, 2017 , Plaintiff JUAN ALMAZO-RAMIREZ was paid an hourly rate of twenty dollars ($20.00) per hour, for a maximum of forty (40) hours only, even when hours worked exceed forty (40) hours, paid biweekly.

41.     From on or about January 01, 2018 to October 30, 2018, Plaintiff JUAN ALMAZO-RAMIREZ was paid an hourly rate of twenty-one dollars ($21.00) per hour, for a maximum of forty (40) hours only, even when hours worked exceed forty (40) hours, paid biweekly.

42.     From on or about November 01, 2018 to December 31, 2019, Plaintiff JUAN ALMAZO-RAMIREZ was paid an hourly rate of twenty-two dollars ($22.00) per hour, for a maximum of forty (40) hours only, even when hours worked exceed forty (40) hours, paid biweekly.

43.     At all relevant times, Plaintiff JUAN ALMAZO-RAMIREZ was not paid overtime pay for overtime work.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

46.     All said persons, including Plaintiff, are referred to herein as the "Class."

47.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

48.     The proposed Class is so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the

Court. Although the precise number of such persons is unknown, and the facts on which the

calculation of the number is presently within the sole control of the Defendants, upon

information and belief, there are more than forty (40) members of the class.

### *Commonality*

49.     There are questions of law and fact common to the Class which predominate

over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiff and the Class within the meaning of the

New York law;

b.      Whether Plaintiff and Class members are not paid wages for all hours worked;

c.      Whether Plaintiff and Class members are entitled to and paid overtime at their

promised hourly wage under the New York Labor Law;

d.      Whether Defendants maintained a policy, pattern and/or practice of failing to

provide requisite statutory meal periods;

e.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and

payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely

thereafter;

f.      Whether Defendants provided paystubs detailing the rates of pay and credits

taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

g.      At what common rate, or rates subject to common method of calculation was

and is Defendants required to pay the Class members for their work.

### *Typicality*

50.     Plaintiff's claims are typical of those claims which could be alleged by any

member of the Class, and the relief sought is typical of the relief that would be sought by each
member of the Class in separate actions. All the Class members were subject to the same
corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or
overtime compensation. Defendants' corporate-wide policies and practices affected all Class
members similarly, and Defendants benefitted from the same type of unfair and/or wrongful
acts as to each Class member. Plaintiff and other Class members sustained similar losses,
injuries and damages arising from the same unlawful policies, practices and procedures.

### Adequacy

51.     Plaintiff is able to fairly and adequately protect the interests of the Class and
have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are
experienced and competent in representing Plaintiffs in both class action and wage-and-hour
employment litigation cases.

### Superiority

52.     A class action is superior to other available methods for the fair and efficient
adjudication of the controversy, particularly in the context of wage-and-hour litigation where
individual Class members lack the financial resources to vigorously prosecute a lawsuit
against corporate defendants. Class action treatment will permit a large number of similarly
situated persons to prosecute their common claims in a single forum simultaneously,
efficiently and without the unnecessary duplication of efforts and expenses that numerous
individual actions engender. Because the losses, injuries and damages suffered by each of the
individual Class members are small in the sense pertinent to a class action analysis, the
expenses and burden of individual litigation would make it extremely difficult or impossible
for the individual Class members to redress the wrongs done to them. Further, important

public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
**[Violations of the Fair Labor Standards Act—Unpaid Wages**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

54.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55.     At all relevant times, Defendants had a policy and practice of refusing to pay

Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked.

56.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

57.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Unpaid Wages
### Brought on behalf of Plaintiff and Rule 23 Class]

58.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.     At all relevant times, Plaintiff is employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

61.     Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

62.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime
### Brought on behalf of the Plaintiff and the FLSA Collective]

63.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

65.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

66.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

67.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

69.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

70.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff and Rule 23 Class]**

71.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

73.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

74.     Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

75.     Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

76.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.     The NYLL requires that employees provide: a noon day meal period of at least

thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL § 162.

78.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

79.     Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

80.     Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82.     Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

83.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

84.     Upon information and belief, Defendants failed to maintain adequate and

accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

85.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

86.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

88.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

89.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

90.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant

to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements
### Brought on behalf of Plaintiff and Rule 23 Class]

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

93.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

94.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees.

Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)     Certification of this case as a collective action pursuant to FLSA;

      c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

      d)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

      e)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)     An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

      g)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

      h)     Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

      i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

      j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to New York Labor Law;

      k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

      l)      The cost and disbursements of this action;

      m)      An award of prejudgment and post-judgment fees;

      n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

      o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

December 31, 2019

                    TROY LAW, PLLC
                    *Attorneys for the Plaintiff, proposed FLSA*
                    *Collective and potential Rule 23 Class*

                    /s/ John Troy
                    John Troy (JT0481)
                    Aaron Schweitzer (AS 6369)
                    Leanghour Lim (LL 6988)